USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/9/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK KIM,

                      Plaintiff,

          v.

BTG PACTUAL ASSET MANAGEMENT
US, LLC, ANASTASIOS ARGEROS,
CYRIL DELAPRAZ, MICHAEL GRANT,
JACK MCCLEARY and WILLIAM ROSE,

                      Defendants.

22-CV-3547 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Frank Kim brings this action against BTG Pactual Asset Management US, LLC and five individuals, alleging claims of race discrimination under state and federal law, as well as violations of the Dodd-Frank Act's whistleblower protections. On September 6, 2021, Defendants submitted a letter motion requesting that the Court seal the Complaint, or in the alternative, permit Defendants to submit proposed redactions to the Complaint. For the reasons explained below, Defendants' request is denied.

    "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.*[1] The public's "access to the proceedings and documents of courts is integral to our system of government" and "it is essential that the people themselves have the ability to learn of, monitor, and respond to the actions of their representatives

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

and their representative institutions." *United States v. Erie Cty., N.Y.*, 763 F. 3d 235, 238-39 (2d Cir. 2014). In light of these considerations, the Court of Appeals for the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Lugosch*, 435 F.3d at 119-20. First, the court must determine whether the documents at issue are judicial documents. *Id*. Second, it must assess the weight of the presumption of public access that attaches to those documents. *Id*. Third, the court must "balance competing considerations against" the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id*. at 120 (internal quotation marks omitted). While judicial documents may still be sealed or redacted when doing so is necessary "to preserve higher values and is narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 120, the mere possibility of future adverse impact on a party's reputation is not "sufficient to overcome the presumption of access to judicial documents." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) (denying motion to seal pleadings and motion-related filings).

Here, the document Defendants seek to seal or redact—the Complaint—is plainly a judicial document. *See Bernstein*, 814 F.3d at 139-140 (classifying "pleadings in civil litigation (other than discovery motions and accompanying exhibits)" as judicial documents). It is therefore entitled to a strong presumption of access. *Lugosch*, 435 F.3d at 121. The presumption of public access is particularly strong in this case because the relevant judicial document, the Complaint, is "the very architecture of the lawsuit," and as such, it is "a significant matter of record." *Bernstein*, 814 F.3d at 140. The allegations in the Complaint describing the actions of individual Defendants are of high value, both to resolving this action and "to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. Defendants suggest that Plaintiff may agree to withdraw the Complaint and arbitrate, and that therefore "there will be no reason for the Court to give any weight to the right of the

public's access to the Complaint or other underlying documents in this matter." Dkt. 22 at 2. But the Complaint has not been dismissed, and sealing or redacting it would deny the public access to "matters that directly affect [this] adjudication." *Lugosch*, 435 F.3d at 119. Moreover, "pleadings are considered judicial records even when the case is pending before judgment or resolved by settlement" and the inspection of pleadings allows the public to discern the prevalence of certain cases and obtain information about particular kinds of actions, even after a matter has proceeded to arbitration. *Bernstein*, 814 F.3d at 140; s*ee Badinelli v. Tuxedo Club*, No. 15 CV 6273 (VB), 2018 WL 6411275 (S.D.N.Y. Dec. 6, 2018) (denying motion to seal complaint after case was resolved in arbitration).

Defendants further urge that sealing or redacting the Complaint is necessary to protect Defendants' privacy interests and prevent potential harm to their business and personal relationships. Dkt. 22 at 2. The Court again disagrees. While the conduct described in the Complaint and Plaintiff's allegations may be embarrassing to the Individual Defendants and/or contain information about Defendants' business practices that they consider sensitive, such concerns are "insufficient to rebut the strong presumption of access to the information at issue here." *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 626 (S.D.N.Y. 2011) (denying defendants' request to redact employee and employer third-party names in race discrimination case). The Court is not persuaded that any potential embarrassment or a "generalized concern of negative reaction" to the allegations alleged in the Complaint outweigh the importance of access to the judicial record in this case. *General Media, Inc. v. Shooker*, No. 97-cv-510, 1998 WL 401530, at *12 (S.D.N.Y. July 16, 1998); *see also Nago v. Bloomberg L.P.*, No. 19CV11483GBDOTW, 2021 WL 1718949, at *2 (S.D.N.Y. Apr. 30, 2021) ("social embarrassment and concerns regarding future employment" were "legally insufficient" reasons to seal case even after it had been settled and voluntarily dismissed); *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F.Supp.2d 374,

375 (S.D.N.Y. 2007) ("generalized concern[s] of adverse publicity" do not outweigh the presumption of access).

The Court also denies Defendants' request that the Court redact the names of the non-parties referenced in the Complaint, as it sees no basis to conclude that the Complaint includes any information about non-parties that is traditionally considered private and would merit redaction. *See Lytle*, 810 F. Supp. 2d at 625 (warning that "every private employer accused of employment discrimination in federal court would presumably seek to have the names of any involved non-party employees redacted from its court filings").

Having weighed the high presumption of access that attaches to these judicial documents against the important, but lesser, interests asserted by Defendants, the Court denies the requests to seal the Complaint, or, in the alternative, submit proposed redactions to the Complaint.

SO ORDERED.

Dated:   September 9, 2022
         New York, New York

                                        _____
                                        Ronnie Abrams
                                        United States District Judge