quinn emanuel    trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7155**

WRITER'S EMAIL ADDRESS
**jenniferbarrett@quinnemanuel.com**

December 19, 2024

**VIA ECF**

The Honorable Ronnie Abrams
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

Re:    *Kim v. BTG Pactual Asset Management US, LLC*, Case No. 1:22-cv-03547-RA

Dear Judge Abrams:

I represent defendants BTG Pactual Asset Management US, LLC, Anastasios Argeros, Cyril Delapraz, Michael Grant, Jack McCleary, and William Rose ("Defendants"), in the above-referenced matter, which was closed on December 23, 2022. I write to respectfully request that the Court immediately seal ECF No. 35, a letter submitted by *pro se* plaintiff Frank Kim containing confidential settlement information, and to direct the *pro se* office to file a redacted version of ECF No. 35 in accordance with Exhibit A to this letter.

ECF No. 35 contains information from confidential settlement discussions, in particular Defendants' settlement range and the amount of BTG's settlement offer. *See* ECF No. 35 at 2, 3, 97. The publication of this settlement information violates Federal Rule of Evidence 408 and Local Civil Rule 5.2. *See* Fed. R. Evid. 408(a)(1) ("Evidence of the following is not admissible . . . either to prove or disprove the validity or amount of a disputed claim . . . furnishing, promising, or offering . . . a valuable consideration in compromising or attempting to compromise the claim"); 2013 Committee Note to Local Rule 5.2 ("[B]efore filing a letter via ECF, parties should consider whether the letter contains information about settlement discussions . . . that should not be in the public file, in which case the letter should be sent directly to chambers instead of via ECF . . . .").

Plaintiff's references to the particular amounts of BTG's settlement offers—on ECF pages 2, 3, and 97—should accordingly be redacted and the letter should be sealed in its entirety until a corrected, redacted version is filed. *See Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *3 (S.D.N.Y. Dec. 13, 2024) (sealing confidential settlement information and noting that "[t]he presumption of access to settlement negotiations, draft agreements, and conference statements is

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

negligible to nonexistent" (quoting *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998)).  Attached hereto is Exhibit A, which indicates in highlight the discrete portions of Plaintiff's December 13, 2024 letter (ECF No. 35) that should be redacted.  *See,* Ex. A at 2, 3, 97.

Respectfully submitted,

 /s/  *Jennifer J. Barrett*

Jennifer J. Barrett

Application granted.  The Clerk of Court is respectfully directed to seal the letter filed at ECF No. 35, and to restrict viewing to Plaintiff, Defendants, and Plaintiff's former attorney, Gregory Chiarello. Plaintiff shall file a redacted version in its place that is consistent with the redactions proposed by Defendants.

SO ORDERED.

_____
Hon. Ronnie Abrams
December 19, 2024